**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONJA KAYE DOWNTON,<br><br>                            Plaintiff,<br>   vs.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>                            Defendant. | CASE NO. 08cv2154 DMS (CAB)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket Nos. 15, 16] |

      Plaintiff Sonja Kaye Downton ("Plaintiff") moves for reversal or remand. Defendant Michael J. Astrue, in his capacity as Commissioner of the Social Security Administration, opposes Plaintiff's motion and cross-moves for summary judgment. Plaintiff did not file an opposition to Defendant's motion or a reply to Defendant's opposition. In her motion, Plaintiff argues the Administrative Law Judge ("ALJ") erred in (1) rejecting the testimony of Plaintiff's mother and daughter regarding the severity of her condition, (2) failing to ask the vocational expert ("VE") whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and (3) rejecting the opinion of one of Plaintiff's treating physicians. Plaintiff also asserts the ALJ's reasons for discrediting her allegations of pain were legally insufficient, and the ALJ failed to develop the record. For the reasons discussed below, the Court denies Plaintiff's motion for reversal or remand, and grants Defendant's cross-motion for summary judgment.

# I.

# BACKGROUND

Plaintiff is a 51-year-old female with a high school education. (Administrative Record ("AR") at 75, 145.) On October 29, 2003, Plaintiff filed an application for Social Security disability benefits, alleging a disability onset date of October 15, 2002. (*Id.* at 34.) Plaintiff alleged she was disabled due to thyroid disease, high blood pressure, chronic obstructive pulmonary disease ("COPD"), back and leg pain, cramps, muscle spasms and foot pain. (*Id.* at 139.) In conjunction with Plaintiff's application, her mother, Laura Williams, submitted a "Function Report Adult - Third Party." (*Id.* at 172-80.) In that report, Ms. Williams stated Plaintiff's daily activities included taking medicine, eating, watching television, and cleaning as much as physically possible. (*Id.* at 172.) The Social Security Administration denied Plaintiff's application for disability benefits on April 29, 2004. (*Id.* at 409-14.)

On June 1, 2004, Plaintiff filed an appeal of that denial, alleging additional problems with her intestines, as well as glaucoma. (*Id.* at 162-68.) In conjunction with her appeal, Plaintiff submitted a form entitled "Medical Source Statement of Physical and/or Mental Work-Related Impairments" that was completed by one of her treating physicians, Daljeet Singh, M.D. (*Id.* at 322-26.) In that form, Dr. Singh diagnosed Plaintiff with degenerative joint disease, gastroesophageal reflux disease ("GERD"), hypertension and irritable bowel syndrome. (*Id.* at 322.) He also provided his opinion about Plaintiff's physical and mental abilities in light of these impairments. (*Id.* at 323-26.)

On May 3, 2006, ALJ Joyce Craig held a hearing on Plaintiff's appeal. (*Id.* at 26-31.) Attorney Joan Deans represented Plaintiff at the hearing. (*Id.* at 26.) ALJ Craig also called a medical expert, Dr. Stephen Sulavik. (*Id.*) The hearing was brief and ultimately was continued to allow the medical expert to review all of the medical records.

Subsequent to that hearing, Plaintiff moved to San Diego from her previous residence of Higginsville, Missouri. (*Id.* at 98.) In accordance with that move, the Social Security Administration transferred Plaintiff's file to its San Diego office. (*Id.* at 99.)

On November 13, 2006, ALJ Leland Spencer resumed the hearing on Plaintiff's appeal. (*Id.* at 32.) Plaintiff was not represented by counsel at that hearing. Plaintiff testified that she suffered

from COPD, high blood pressure, thyroid disease, degenerative joint disease, arthritis, depression and anxiety. (*Id.* at 39-40.) The ALJ also heard testimony from Plaintiff's daughter, Carla Conaway, and VE Mark Remas. (*Id.* at 32.)

On May 22, 2007, ALJ Edward Steinman issued a written decision denying Plaintiff disability benefits. (*Id.* at 18-25.) In reaching his decision that Plaintiff was not disabled, the ALJ employed the five-step sequential process to evaluate Plaintiff's application for disability benefits. 20 C.F.R. §§ 404.1520 (b)-(f).[1] At step one, the ALJ found that the Plaintiff had not engaged in any substantial gainful activity at any time relevant to the decision. (AR at 20.) At step two, the ALJ found that Plaintiff had the following severe impairments: "chronic obstructive pulmonary disease (COPD), degenerative joint disease, degenerative disc disease, chronic pain disorder, depression NOS, and somatoform disorder." (*Id.*) At step three, the ALJ determined that the Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments[.]" (*Id.* at 21.) The ALJ found that Plaintiff retains the residual functional capacity to perform "light work, in a clean air environment, involving simple repetitive tasks, with limited contact with peers or supervisors." (*Id.*) At step four, the ALJ concluded that Plaintiff could not return to any past relevant work as a nurse assistant, dry cleaning attendant, or cashier II. (*Id.* at 23.) At step five, based on Plaintiff's age, education, work experience, and residual functioning capacity, the ALJ concluded that Plaintiff could perform other work existing in significant numbers in the national economy; and thus, Plaintiff was not disabled. (*Id.*)

/ / /

/ / /

---

[1] To determine whether a plaintiff is disabled, the SSA regulations provide a five-step sequential process. The five steps of the inquiry are (1) Is the plaintiff presently working in a substantially gainful activity? If so, then the plaintiff is not disabled within the meaning of the Social Security Act. If not, proceed to step two. (2) Is the plaintiff's impairment severe? If so, proceed to step three. If not, then the plaintiff is not disabled. (3) Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, then the plaintiff is disabled. If not, proceed to step four. (4) Is the plaintiff able to do any work that he or she has done in the past? If so, then the plaintiff is not disabled. If not, proceed to step five. (5) Is the plaintiff able to do any other work? If so, then the plaintiff is not disabled. If not, then the plaintiff is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). The plaintiff maintains the burden of proof for steps one through four. However, should an inquiry proceed to step five, the burden then shifts to the Commissioner.

Plaintiff requested a review of the ALJ's decision. (*Id.* at 14.) The Appeals Council denied Plaintiff's request for review on September 24, 2008. (*See id.* at 7-9.) Plaintiff filed the present case on November 20, 2008.

## II.

## DISCUSSION

Plaintiff argues the ALJ erred (1) in rejecting the testimony of Plaintiff's mother and daughter regarding the severity of Plaintiff's condition, (2) in failing to ask the VE whether his testimony was consistent with the DOT, (3) in rejecting the opinions of Dr. Singh, (4) in failing to provide legally sufficient reasons for discrediting Plaintiff's allegations of pain, and (5) in failing to develop the record. Defendant disputes each of these arguments.

**A.   Legal Standard**

Under the Social Security Act, "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A). In addition, the impairment must result "from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques." 42 U.S.C. § 423(d)(3).

A court cannot set aside a denial of benefits unless the Commissioner's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

To determine whether substantial evidence exists to support the ALJ's decision, a court reviews the record as a whole, not just the evidence supporting the decision of the ALJ. *Walker v. Matthews*, 546 F.2d 814, 818 (9th Cir. 1976). A court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). In short, a court must weigh the evidence that supports the Commissioner's conclusions and that which does not. *Martinez*, 807 F.2d at 772.

If there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is evidence on the other side, *Hall v. Secretary*, 602 F.2d 1372, 1374 (9th Cir. 1979), and even when the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). If supported by substantial evidence, the findings of the Commissioner as to any fact will be conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).

**B.     Lay Witness Testimony**

Plaintiff's first argument is the ALJ erred in failing to assess the testimony of her daughter, Carla Conaway, and in failing to review the written statement submitted by her mother, Laura Williams. Defendant does not dispute that the ALJ failed to do either of these things, but he argues to the extent this was erroneous, it was harmless.

The Ninth Circuit has stated "the ALJ is required to account for all lay witness testimony in the discussion of his or her findings." *Robbins v. Social Security Administration*, 466 F.3d 880, 885 (9th Cir. 2006) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). However, an ALJ's failure to do so is subject to harmless error analysis. Under that analysis, "'a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Id.* (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006)).

Here, Ms. Conaway offered limited testimony at Plaintiff's hearing. When asked if she wanted to add anything, she stated:

> It's just been tough since we've been here. We're just trying to get, you know, a place of our own. Actually been staying with relatives and stuff like that, so - - and just seeing her in pain and different things she's going through with everything, it's just been hard. But we're, you know we're trying to ... make it, and everything.

1 (AR at 49-50.) Ms. Williams did not testify at Plaintiff's hearing, but she did submit a written report in support of Plaintiff's application for benefits. (*Id.* at 172-80.) In that report, Ms. Williams provides information about Plaintiff's daily activities, including her personal care, meals, house and yard work, transportation, shopping, and social activities, as well as her physical and mental abilities. (*Id.* at 172-78.)

This Court is confident that even if a reasonable ALJ fully credited this testimony, the result of Plaintiff's application would be the same. Neither Ms. Conaway's testimony nor the report provided by Ms. Williams establish conclusively that Plaintiff is disabled. As discussed more fully below, there was ample evidence in the record to support the opposite finding. Accordingly, the ALJ's failure to discuss the testimony or Ms. Conaway and Ms. Williams does not entitle Plaintiff to reversal or remand of the ALJ's decision.

**C.     VE Testimony**

Next, Plaintiff argues that she is entitled to reversal or remand based on the ALJ's failure to comply with Social Security Ruling 00-4p. Specifically, she asserts the ALJ failed to ask the VE whether his testimony was consistent with the DOT.

Social Security Ruling 00-4p states: "At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not" the VE's testimony is consistent with the DOT. SSR 00-4p. In this case, ALJ Spencer asked the VE whether "the testimony that you provide will be based on the DOT and related documents unless you tell me otherwise?" Defendant argues this satisfied the ALJ's duty to inquire pursuant to SSR 00-4p. However, the Court disagrees. Asking the VE if his testimony is based on the DOT is not the same as asking if his testimony is consistent with the DOT. Thus, the ALJ did not comply with SSR 00-4p.

Nevertheless, the ALJ's failure to comply with SSR 00-4p is subject to harmless error analysis. *See Massachi v. Astrue*, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007). In *Massachi*, the court stated that the ALJ's "procedural error" in failing to ask the VE whether her testimony conflicted with the DOT "could have been harmless, were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts[.]" *Id.*

///

1    Here, Plaintiff argues there was a conflict between the VE's testimony and the DOT in that the
2 ALJ limited Plaintiff to simple, repetitive tasks, but the jobs identified by the VE require Plaintiff to
3 perform a combination of tasks. However, this argument misses the mark. The issue is not whether
4 the jobs identified by the VE are consistent with the ALJ's determination of Plaintiff's residual
5 functional capacity. Rather, the issue is whether the VE's testimony is consistent with the DOT, and
6 on that issue, Plaintiff has failed to show any inconsistency. In the absence thereof, the ALJ's failure
7 to comply with SSR 00-4p was harmless.

**D.    Treating Physician Opinion**

Next, Plaintiff argues the ALJ erred in rejecting the opinions of one of her treating physicians, Dr. Singh. Specifically, she asserts the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Singh's opinion that she was only capable of less than full-time work.

Although the opinion of the treating physican is usually given deference, "[t]he opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). If there is conflicting medical evidence, the Commissioner must resolve the conflict. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). When the opinion of an treating doctor is contradicted by an examining physician, the ALJ may reject the opinion of the treating physician if the ALJ provides "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Magallanes,* 881 F.2d at 751. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

In this case, Dr. Singh's opinion was inconsistent with findings of the state agency physicians, Sandra M. Eriks, M.D. and Michael McManus, M.D., both of whom examined Plaintiff. Accordingly, the ALJ was required to provide, specific, legitimate reasons supported by substantial evidence in the record for rejecting Dr. Singh's opinion. In his written decision, the ALJ provided several reasons. First, he noted that Dr. Singh was not a specialist. (AR at 22.) Second, the ALJ stated Dr. Singh's opinions were "conclusory" and "excessive in scope and degree[.]" (*Id.*) Third, the ALJ stated that

1  Dr. Singh's opinions "exceed even the claimant's own hearing testimony as to her alleged limitations."
2  (*Id.*)  Fourth, the ALJ noted that "Dr. Singh merely filled out a checklist form supplied by former
3  counsel, and stated, with regard to the Listing of Impairments, that the claimant meets 'all of them.'"
4  (*Id.*)  Finally, the ALJ stated Dr. Singh's opinion was not supported by any "ongoing objective
5  abnormalities in the record[.]"  (*Id.*)

6  Plaintiff takes issue with reasons (1), (2) and (4), but each of those reasons was specific and
7  legitimate.  *See Amax Coal Co. v. Franklin*, 957 F.2d 355, 259 (7th Cir. 1992) (finding opinion of
8  specialist entitled to more weight than opinion of treating physician); *Batson v. Commissioner of
9  Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (finding no error in ALJ's decision
10 to give minimal weight to treating physicians' opinions that were in form of checklist, conclusory and
11 brief).  Furthermore, Plaintiff does not challenge reasons (3) and (5), both of which are also specific,
12 legitimate, and supported by substantial evidence.  For instance, Dr. Singh reported that Plaintiff's
13 ability to understand, remember and carry out job instructions of any kind was "poor," (AR at 326),
14 but Plaintiff reported that she did not have any difficulties in following written or verbal instructions.
15 (*Id.* at 193.)  In addition, although Plaintiff complained of disabling back pain, (*id.* at 209), the x-ray
16 of her lumbar spine showed "[n]o evidence of acute fracture or spodylolisthesis[.]"  (*Id.* at 234.)

17 In light of the above, the ALJ met his burden to provide specific, legitimate reasons based on
18 substantial evidence from the record for discrediting Dr. Singh's opinion.  Accordingly, this argument
19 does not entitle Plaintiff to reversal or remand.

20 **E.    Claimant Testimony**

21 Next, Plaintiff argues the ALJ's reasons for discrediting her testimony were legally
22 insufficient.  "Generally, 'questions of credibility and resolution of conflicts in the testimony are
23 functions solely' for the agency."  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007), *cert. denied*, ___
24 U.S. ___, 128 S.Ct. 1068 (2008), (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).
25 In a case such as this, where the ALJ rejects the claimant's subjective testimony, the ALJ must provide
26 "clear and convincing reasons" for doing so, "by specifically identifying 'what testimony is not
27 credible and what evidence undermines the claimant's complaints.'"  *Id.* (quoting *Lester v. Chater*,
28 81 F.3d 821, 834 (9th Cir. 1995)).

Here, the ALJ met that standard. (*See* AR at 23.) Specifically, he provided numerous reasons for rejecting Plaintiff's statements concerning "the intensity, duration and limiting effects of" her symptoms. First, the ALJ found Plaintiff's statements were "without objective record support." (*Id.*) Plaintiff asserts this reason is inconsistent with the ALJ's finding that she suffered from a somatoform disorder. However, this was not the only reason offered by the ALJ in rejecting Plaintiff's subjective complaints. He also found that (1) Plaintiff's impairments were "controlled with treatment and medication," (2) Plaintiff "made inconsistent complaints and statements to her physicians," (3) Plaintiff had not "undergone ongoing mental health treatment[,]" and (4) Plaintiff remained "capable of significant activities if [sic] daily living." (*Id.*) Plaintiff does not dispute that there was evidence in the record to support each of these reasons, all of which satisfied the ALJ's burden to provide "clear and convincing" reasons for rejecting Plaintiff's credibility. *See*, *e.g.*, *Morgan*, 169 F.3d at 600 (stating when a claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.") Accordingly, the ALJ's treatment of Plaintiff's credibility is supported by substantial evidence, and is free from legal error. It does not warrant a reversal or remand.

**F.     Record Development**

Plaintiff's final argument in support of her motion is that the ALJ failed in his duty to fully develop the record. Specifically, Plaintiff asserts that the ALJ failed to provide a medical expert at Plaintiff's second hearing, which deprived Plaintiff of a full and fair hearing. As Defendant points out, however, Plaintiff fails to cite any authority that the ALJ is required to provide a medical expert at the hearing. In the absence thereof, this argument does not warrant reversal or remand.

## VI.
## CONCLUSION

For the reasons discussed above, Plaintiff's motion for reversal and/or remand is **DENIED**.

/ / /

/ / /

/ / /

Defendant's cross-motion for summary judgment is **GRANTED**, and the decision of the ALJ is **AFFIRMED**. The Clerk shall enter judgment accordingly, and terminate this case.

    **IT IS SO ORDERED.**

DATED: November 4, 2009

                              HON. DANA M. SABRAW
                              United States District Judge